## MOORE *vs*. WRIGHT.

1. A decree in chancery perpetually enjoining a judgment at law, will be reversed, and the bill dismissed—it appearing that the defendant is not regularly in Court, by publication; and judgment *pro confesso*.
2. It is not sufficient that an *order* of publication is had, in a chancery cause : *proof* of the publication must also be made.

This was a bill in chancery, filed in Lawrence Circuit Court, by William Wright, against John Moore and others. The bill set out, that some time in 180–, the complainant and James Doswell and John Wright, executed their note of hand to John Moore, the defendant, for the sum of fifty-five dollars. That in the year 1822, Moore instituted suit thereon; and recovered judgment against the complainant and John Wright• which said judgment was subsequently paid off and discharged by Doswell, who received a receipt from Moore, therefor. That notwithstanding the payment so made, of the said judgment, Moore had caused execution to issue against the property of the complainant, which was then in the hands of the sheriff, to be levied. The complainant therefore prayed, the usual relief of the Chancellor.

The Chancellor having granted an injunction, a writ of subpoena was issued, by the Clerk, which was returned with an indorsement by the sheriff, that the defendants could not be found in the county. At the September term, 1827, of the Circuit Court, the following entry appeared, from the record, to have been made in the cause—" on motion of the

MOORE vs. WRIGHT.

complainant, by his counsel, and it appearing to the satisfaction of the Court, that said defendants are not inhabitants of this State—it is ordered by the Court, that publication be made in some newspaper published in Russelville, Kentucky, for four weeks, successively, that said defendants appear, on or before the next term of this Court, and answer said complainant's bill; or that the same will be taken for confessed. At March term, 1828, a like order of publication, in respect to Moore, alone, appeared in the record: then followed an alias subpoena, which was executed on Lynn, one of the defendants. At September term, 1828, Lynn filed his answer, denying an allegation in the bill, that the collection of the amount of the judgment was intended for his benefit. Then followed the answer of Doswell, averring that he became bound with Wright, in the note, as charged in the bill, as surety only; and that the execution complained of, had been issued, alone, for his use, he having discharged it, and become the assignee thereof.

These, with some evidence corroborating the answer of Doswell, were all the proceedings in the cause; and at September term 1829, the Chancellor granted a decree, perpetuating the injunction.

To reverse this decree, a writ of error was taken in the cause.

*Ormond* for plaintiff in error.

TAYLOR, J.—This suit in Chancery was instituted by the defendant in error, against the plaintiffs, to injoin a judgment at law. The bill alleges, that the complainant, with James Doswell and John

Wright, executed their note, to the defendant, Moore; that suit had been instituted, by Moore, against the complainant and John Wright, and judgment recovered. That Doswell had paid off, and satisfied the judgment, notwithstanding which the sheriff was about to make the amount, out of the complainant's property, by an execution.

At September Term, 1827, an order of publication was made, as to Moore, but no answer was ever filed by him; nor is there any judgment, *pro confesso*, against him.

At March Term, 1829, James Doswell, one of the payors, who is charged by the bill, to have discharged the judgment, was made a defendant.

Doswell answered, alleging, in substance, that John Wright and himself had executed the note, as securities for William Wright; that he had paid the amount of the judgment, and taken a receipt from Moore; and that the judgment had been assigned to him, to enable him to reimburse himself; and that the sheriff was directed by the plaintiff to said judgment, to make the money, and pay it over to said Doswell.

The deposition of Malcolm Gilchrist, is the only one, which appears to have been taken in the cause; and that is so confusedly written, that it conveys no distinct idea to the mind.

The allegation, that Doswell has discharged the judgment, is nowhere sustained by proof.

The complainant states in the bill, that the receipt of Moore, for the amount of the judgment, is made an exhibit; but it no where appears, in the record. It is true, that Doswell's answer admits its execution,

but this cannot be received as evidence against Moore.

In fact, the whole case appears to have been acted on, in the Court below, without the least respect to regularity of proceeding.

Moore, the payee of the note, in whose favor the judgment was recovered at law, is perpetually injoined against enforcing his judgment, without having been regularly brought into Court.

An *order* of publication appears to have been made against him, but there is no proof, that publication was ever made; nor was a judgment, *pro confesso*, ever rendered against him.

A co-obligor with the complainant, who, during the progress of the cause, is made defendant, answers, that he has paid the debt to Moore, and a perpetual injunction is the consequence, without any proof of the payment, or an opportunity being afforded to Moore, to contest it.

Under these circumstances, this Court does not feel itself authorised, to examine the points made by the brief.

The decree is reversed, and the bill dismissed, at the costs of the defendant in error.